UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

BOARD OF TRUSTEES OF POINTERS,
CLEANERS & CAULKERS ANNUITY FUND,
PENSION FUND and WELFARE FUND,

**MEMORANDUM & ORDER**
13-CV-6075 (MKB)

       Plaintiff,

    v.

HARBOR ISLAND CONTRACTING, INC. and
JAMES HENEGHAN,

       Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

  Plaintiff, Board of Trustees of Pointers, Cleaners & Caulkers Annuity Fund, Pension Fund and Welfare Fund, commenced this action on November 1, 2013, against Defendants Harbor Island Contracting, Inc. and its president James Heneghan, pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Although properly served with copies of the summons and Complaint, (Docket Entry Nos. 6 and 9), Defendants failed to appear or otherwise defend against this action. On August 18, 2014, the Clerk of Court noted Defendants' default. (Docket Entry No. 11.) Plaintiff subsequently moved for a default judgment on August 21, 2014. (Docket Entry No. 12.)

  On October 2, 2014, the Court referred the motion to Magistrate Judge Ramon E. Reyes for a report and recommendation. (Order dated October 2, 2014.) On February 23, 2015, Judge Reyes issued a Report & Recommendation ("R&R") recommending that the Court grant Plaintiff's request for a default judgment against Defendants as to liability, and that the Court

award Plaintiff a total of $10,788.29, comprised of: (1) $4705.00 in unpaid benefit contributions; (2) $942.29 in prejudgment interest; (3) $941.00 in liquidated damages; (4) $2600.00 for attorney's fees and costs; and (5) $1600.00 for audit fees, together with post-judgment interest pursuant to 28 U.S.C. § 1961. (R&R 7.) Judge Reyes also recommended that judgment be entered in the full amount of $10,788.29 against Heneghan in his individual capacity. (R&R 7.) No objections were filed.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N. Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

The Court has reviewed the unopposed R&R, and, finding no clear error, the Court adopts Judge Reyes' R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's motion

for default judgment is granted. The Clerk of Court is directed to enter judgment in favor of Plaintiff against Defendants Harbor Island Contracting, Inc. and James Heneghan in the amount of $10,788.29, together with post-judgment interest pursuant to 28 U.S.C. § 1961.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: March 16, 2015
       Brooklyn, New York